[840 NYS2d 401]

# In the Matter of Jack Fisher (Admitted as Jack Robert Fisher), an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, July 31, 2007

### APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

*Harvey B. Besunder, P.C.*, Islandia, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition verified December 23, 2005, containing six charges of professional misconduct. The respondent served an answer to the petition dated June 13, 2006. After a preliminary conference and a hearing, the Special Referee sustained all six charges, except charge three, paragraph 9, which he ·did not sustain. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent cross-moves to disaffirm the Special Referee's report and alternatively, should this Court confirm the report, to limit the sanction imposed, if any, so as to not preclude him from continuing with the practice of law.

The charges against the respondent emanate from his legal representation of Nancy McGann with respect to her claim, as sole named beneficiary, of the proceeds of her deceased husband's term life insurance policy.

Charge one alleges that the respondent engaged in conduct violating Code of Professional Responsibility DR 2-106 (22 NYCRR 1200.11) by entering into an agreement charging an illegal or excessive fee for legal services as follows.

In or about April 2000, the respondent entered into an oral agreement to provide client Nancy McGann with legal services in order to determine whether her husband's life insurance policy had lapsed prior to his death. On or about May 11, 2000, the respondent sent a demand to SBLI Mutual Life Insurance Company (hereinafter SBLI) for payment on Ms. McGann's late husband's life insurance policy. By letter dated May 25, 2000, SBLI provided the respondent with a claimant's statement form,

and a lost policy affidavit, in the event the original policy could not be located, advising him to return those documents along with a certified death certificate.

On or about June 2, 2000, Ms. McGann executed a retainer agreement prepared by the respondent, which provided for a contingency fee of 33.33% of the recovery from SBLI after the reduction for any disbursements advanced by the respondent's firm. The retainer agreement addressed the respondent's fee for representing Ms. McGann in litigation against SBLI, but failed to address whether the respondent was entitled to a legal fee if the matter were not litigated. At that time, the respondent was aware that SBLI had not expressed an intention to deny coverage, but he did not reveal this information to Ms. McGann.

Between June 8, 2000, and June 21, 2000, the respondent received only one communication from SBLI. On June 21, 2000, the respondent heard from a customer service representative, advising that payment would be made on the insurance claim. SBLI's records reflect its receipt of two letters from the respondent dated May 11, 2000, and June 8, 2000.

On or about June 21, 2000, the respondent was advised that SBLI intended to pay on the policy. Shortly thereafter, the respondent received a check from SBLI dated June 21, 2000, in the amount of $254,027.58.

The respondent instructed Ms. McGann to endorse the check and explained that he would take one third of the proceeds as his fee. She received the sum of approximately $164,436.40. After Ms. McGann discussed the respondent's fee with her accountant, she commenced an action in the Supreme Court, Suffolk County, against the respondent to recover damages for breach of his fiduciary duty, conversion, fraudulent misrepresentation, and fraudulent inducement, and for imposition of a constructive trust. At his deposition on March 2, 2004, the respondent admitted that he invested less than 20 hours and possibly 10 hours or less in the resolution of the insurance matter.

Charge two alleges that the respondent engaged in conduct adversely reflecting on his profession as a lawyer by charging an illegal or excessive fee for legal services in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon the factual allegations of charge one.

Charge three alleges that the respondent is guilty of engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation by providing misleading information to his client's accoun-

tant in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), based upon the factual allegations of charge one, and further alleges as follows. In or about the spring of 2001 Ms. McGann's tax accountant, who is also an attorney, reviewed her tax documents and inquired about the fee paid to the respondent. On or about April 6, 2001, the accountant contacted the respondent and requested documentation of the services performed on Ms. McGann's behalf. The respondent provided an invoice, dated April 9, 2001, outlining the services allegedly provided as follows: "Research of legal issues for Declaratory Judgment and question regarding any decision by the carrier for the non-payment and lapse of the insurance policy. Many contacts and correspondence with the Insurance carrier of the Life Insurance Policy and resolution of any issues regarding the Lapse of said policy as stated before."

The invoice indicates that the respondent's 33.33% contingency fee encompassed "legal fees and disbursements for the case of the litigation of the Insurance Contract and Life Insurance Policy for the death of the Husband," although no litigation occurred.

Upon Ms. McGann's authorization, in or about late 2001, the respondent sent her file to the accountant, who advised the respondent that the file as presented did not adequately document for audit purposes the legal services he provided for such a large fee.

Charge four alleges that the respondent is guilty of engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation by failing to include a provision in Ms. McGann's retainer agreement addressing payment of a legal fee in the event that litigation of this matter was not necessary, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), based upon the factual allegations of charge one, and further, as follows. The June 2, 2000, retainer agreement specifically refers to the respondent representing Ms. McGann in "the litigation entitled 'John F. McGann with SBLI Life Insurance Company of New York, Inc.' " The fee portion of the retainer agreement states: "The client shall pay a legal fee of 33.33% of the recovery from SBLI Mutual Life Insurance Company of New York after the reduction for any disbursement for the case which have been advanced by the Firm, i.e., filing fees, court costs, deposition expenses, xerox and postage."

Although the retainer agreement specifically addresses litigation and the associated costs, it fails to specify the percentage or

hourly fee that would accrue to a lawyer at the respondent's firm in the event of a prelitigation settlement. The respondent knew or should have known that the retainer agreement was misleading, due to the fact that it failed to specify the percentage or hourly fee that would accrue to the lawyer in the event of a prelitigation settlement. Litigation of the underlying matter proved unnecessary, however, and the respondent retained 33.33% of the proceeds recovered, for a total sum of $84,591.18.

Charge five alleges that the respondent is guilty of failing to provide a client in a contingent fee matter with a writing stating the method by which his fee would be determined, including the percentages that shall accrue to the lawyer in the event of settlement, and other expenses to be deducted from the recovery, in violation of Code of Professional Responsibility DR 2-106 (d) (22 NYCRR 1200.11 [d]), based upon the factual allegations of charges one and three, and further as follows.

The respondent kept a fee in the sum of $84,591.18, but failed to provide Ms. McGann with the required written statement documenting the outcome of the matter and the disbursement of the insurance proceeds. In response to Ms. McGann's written request for an itemized bill documenting the services which he allegedly performed on her behalf, the respondent sent her a letter dated March 8, 2002, as well as a copy of the June 2, 2000, retainer agreement asserting that she was not entitled to an itemized bill because the parties executed a formal contingency fee contract. The respondent failed to provide a written statement indicating the outcome of the matter, the amount of recovery, the remittance to the client, and the method of its determination.

Charge six alleges that the respondent is guilty of engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation by mischaracterizing his prior contact with the Grievance Committee while under oath, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

On March 2, 2004, the respondent was deposed as the defendant in the action commenced by Ms. McGann alleging breach of fiduciary duty, conversion, fraudulent misrepresentation, fraudulent inducement, and seeking the imposition of a constructive trust. During his deposition, the respondent acknowledged that he was the subject of prior complaints to the Grievance Committee, but he maintained that the Grievance Committee dropped the investigation in each case except for the

present matter. He also responded "No" when asked if any of the complaints resulted in discipline being imposed against him.

The Grievance Committee's records reflect the following disposition. The respondent was issued a letter of admonition dated September 5, 2001, for representing a person without the consent of his former client after full disclosure in the same or a substantially related matter, in violation of Code of Professional Responsibility DR 5-108 (a) (1) (22 NYCRR 1200.27 [a] [1]), and for failing to keep records of prior engagements and employing a policy by which proposed engagements are checked against current and previous engagements, in violation of Code of Professional Responsibility DR 5-105 (e) (22 NYCRR 1200.24 [e]).

Additionally, a letter of caution dated November 16, 1996, was issued to the respondent warning him to comply with the letter and spirit of the Lawyer's Code of Professional Responsibility, so that when communicating with a judge in a adversarial proceeding, he should promptly deliver a copy of the writing to opposing counsel.

The respondent's testimony that the Grievance Committee "dropped" the matters which in fact resulted in the issuance of a letter of admonition and a letter of caution was misleading.

At the hearing on the instant petition, the Grievance Committee introduced 19 exhibits into evidence, and presented three witnesses. The respondent appeared with counsel, testified on his own behalf, and introduced six exhibits into evidence.

Based upon the evidence adduced, the report of the Special Referee sustaining all six charges, and not sustaining the allegations in charge three, paragraph 9, is confirmed. The respondent's cross-motion to disaffirm the report of the Special Referee is denied.

In determining the discipline to be imposed, in addition to the respondent's disciplinary history, the respondent has submitted four letters from attorneys with whom he had a professional and/or a social relationship, and who attest to his good character, ethical conduct, and sensitivity to the needs of others.

Further, the respondent urges the Court to consider mitigating circumstances, including: (1) that the basic charge against him related to the collection of an "excessive fee"

pursuant to a contingency retainer agreement, which was signed by the respondent and the client; (2) subsequent to the recovery of the proceeds from the insurance company, the client agreed to the division of the fee, authorized the deposit into the respondent's attorney escrow account, and consented to the distribution in accordance with the retainer agreement; (3) prior to the commencement of litigation, the client never made a demand for repayment of the fee; and (4) ultimately, the entire fee, in addition to all the client's additional legal fees and costs, including interest, was paid by the respondent to the client in settlement and full satisfaction of the client's action against him, prior to the time of trial.

Notwithstanding the mitigation advanced, under all of the circumstances, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and MASTRO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent, Jack Fisher, admitted as Jack Robert Fisher, is suspended from the practice of law for a period of one year, commencing immediately and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jack Fisher, admitted as Jack Robert Fisher, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any

advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if Jack Fisher, admitted as Jack Robert Fisher, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).